IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY GIBBONS,<br><br>              Plaintiff,<br>v.<br><br>QWEST and QWEST DISABILITY SERVICES,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS<br><br>Case No.  2:10-cv-889 DN<br><br>District Judge David Nuffer |

In this ERISA case, Plaintiff Mary Gibbons seeks to recover the short-term disability benefits denied her by Defendants Qwest (her employer and the plan sponsor) and Qwest Disability Services (the third-party plan administrator).  Ms. Gibbons asserts claims for declaratory judgment, recovery of ERISA benefits, and breach of contract.[1]

Qwest and Qwest Disability Services (collectively, "Qwest") have moved for summary judgment on grounds that Ms. Gibbons's ERISA claims are time barred by the ERISA plan's limitations period; the decision to deny short-term disability benefits was reasonable in any event; and Ms. Gibbons's contract claim is preempted by ERISA.  Ms. Gibbons has also moved for summary judgment, arguing that the administrative record shows Qwest's decision to deny her applications for short-term disability benefits was arbitrary and capricious.

Ms. Gibbons filed her complaint in this matter on September 15, 2010,[2] which is undisputedly after the limitations period set forth in the ERISA plan expired.  The plan's one-year deadline for filing civil actions challenging benefit determinations is enforceable and

---

[1] Complaint, docket no. 3, filed on Sep. 15, 2010.

[2] *Id.*

therefore bars Ms. Gibbons's ERISA claims.  Additionally, Ms. Gibbons's common law contract claim is preempted by ERISA under 29 U.S.C. § 1144(a).  Accordingly, summary judgment is GRANTED in favor of Qwest on all of Ms. Gibbons's claims.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  In applying this standard, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[4]  However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[5]  A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

## DISCUSSION

**I.      Plaintiff Gibbons's ERISA Claims are Barred by the ERISA Plan's Limitations Period.**

Congress did not include a statute of limitations for private ERISA enforcement actions under 29 U.S.C. § 1132.  As a result, courts generally apply the most closely analogous statute of limitations under state law.[7]  However, resort to state law is unnecessary where the ERISA plan

---

[3] Fed. R. Civ. P. 56(a).

[4] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

[5] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[7] *Salisbury v. Hartford Life and Accident Ins. Co.*, 583 F.3d 1245, 1247 (10th Cir. 2009).

itself contains a limitations period.[8] ERISA plan limitations periods are enforced as long as they are reasonable.[9]

The Qwest Disability Plan at issue in this case contains its own limitations period. In paragraph 8.3, under the hearing "legal remedy," the Plan states as follows:

> [N]o person shall have the right to file a civil action, proceeding or lawsuit against the Plan or any person acting with respect to the Plan . . . after the last day of the twelfth month following the later of (1) the deadline for filing an appeal under the Plan or (2) the date on which an adverse benefit determination on appeal was issued with respect to such Plan benefit claim.[10]

Ms. Gibbons's ERISA claims arise from two applications for short-term disability benefits under the Plan, one submitted in October 2008 and the other submitted in February 2009. Both claims were denied by Qwest, prompting administrative appeals by Gibbons. The administrative appeals board upheld the denial of benefits on both the October 2008 and February 2009 claims in two letter decisions addressed to Ms. Gibbons dated December 16, 2008, and June 5, 2009, respectively.[11] Both letter decisions expressly informed Ms. Gibbons that any suit or legal proceeding under ERISA "must be brought no later than the last day of the twelfth month following . . . the date on which an adverse benefit determination on appeal was issued with respect to such Plan benefit claim."[12] Consequently, Ms. Gibbons was required to file a private ERISA enforcement action by December 31, 2009 with regard to the October 2008 claim, and by June 30, 2010 with regard to the February 2009 claim. Ms. Gibbons did not file

---

[8] *Id.*

[9] *Id.* at 1247-48.

[10] Qwest Disability Plan at ¶ 8.3, docket no. 30-1, filed on Mar. 12, 2012.

[11] Dec. 16, 2008 Letter, docket no. 30-3 at AR000388-AR000392, filed on Mar. 12, 2012; Jun. 5, 2009 letter, docket no. 30-4 at AR000513-AR000517, filed on Mar. 12, 2012.

[12] Dec. 16, 2008 Letter at AR000392, docket no. 30-3 at AR000388-AR000392, filed on Mar. 12, 2012; Jun. 5, 2009 letter at AR000516, docket no. 30-4 at AR000513-AR000517, filed on Mar. 12, 2012.

her complaint in this case until September 15, 2010.[13]  Therefore, as conceded by Ms. Gibbons, if the Plan's limitations period is enforced, her ERISA claims are barred.

Ms. Gibbons argues that the Plan limitations period is not reasonable, and therefore unenforceable, because it is shorter than the statute of limitations found in Utah Code Ann. § 31A-21-313.  Section 31A-21-313 provides a three-year limitations period for "[a]n action on a written policy or contract of first party insurance," and proscribes insurance policies from "limit[ing] the time for beginning an action on the policy to a time less than that authorized by the statute."[14]  Ms. Gibbons asserts that the Plan's limitations period cannot be reasonable because it does not comply with this state law.

However, Ms. Gibbons's ERISA claims are not governed by state law.  In fact, if Utah Code Ann. § 31A-21-313 purported to govern benefits claims against an ERISA employee benefit plan, it would be preempted to that extent under 29 U.S.C. § 1144(a)-(b)(2)(B).  At most, a court might "borrow" the Utah statute, assuming it is indeed the most closely analogous statute of limitations under state law, in the event the applicable ERISA plan does not contain a reasonable limitations period.

That is not the case here.  The Qwest Disability Plan clearly requires that private ERISA enforcement actions be brought by the last day of the twelfth month after a final benefit determination is made.  Ms. Gibbons does not argue that this one-year limitations period, of which she was clearly notified in both the December 16, 2008 and June 5, 2009 letter decisions, is otherwise unreasonable.  Moreover, the Tenth Circuit recently enforced an ERISA plan limitations period that expired six months after a final determination of benefits was made.[15]

---

[13] Complaint, docket no. 3, filed on Sep. 15, 2010.

[14] Utah Code Ann. § 31A-21-313(1), (3)(a).

[15] *Young v. United Parcel Serv., Inc.*, 416 Fed. Appx. 734 (10th Cir. Mar. 22, 2011).

Accordingly, the Qwest Disability Plan limitations period is reasonable and therefore enforceable, and bars Ms. Gibbons's ERISA claims in this case.

## II.     Plaintiff Gibbons's Common Law Contract Claim is Preempted by ERISA.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA.[16]  "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."[17] "What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, *such as determining an employee's eligibility for a benefit and the amount of that benefit*."[18]  State laws "that provide an alternative cause of action to employees to collect benefits protected by ERISA" have been ruled preempted.[19]

The Qwest Disability Plan is undisputedly governed by ERISA.[20]  Ms. Gibbons's breach of contract claim seeks to recover the short-term disability benefits denied her under the Qwest Disability Plan.  The contract claim is thus merely an alternative vehicle to attempt to collect benefits under an ERISA plan.  Ms. Gibbons admitted as much in her complaint when she pleaded her contract claim in the alternative "[t]o the extent the [Qwest Disability Plan] is not governed by ERISA but by state common law contract law . . . ."[21]  Therefore ERISA preempts Ms. Gibbons's common law claim for breach of contract.

---

[16] 29 U.S.C. § 1144(a).

[17] *Airparts Co. v. Custom Benefit Servs. of Austin, Inc.*, 28 F.3d 1062, 1064 (10th Cir. 1994) (internal quotations omitted).

[18] *Monarch Cement Co. v. Lone Star Indus., Inc.*, 982 F.2d 1448, 1452 (10th Cir. 1992) (emphasis added).

[19] *Id.* (internal quotations omitted).

[20] Plaintiff's Memorandum in Support of Motion for Judgment on the Administrative File/Summary Judgment at 4, docket no. 22, filed on Mar. 1, 2012.

[21] Complaint at ¶ 64, docket no. 3, filed on Sep. 15, 2010.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judgment on the Administrative Record/Summary Judgment (docket no. 21) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Entry of Judgment (docket no. 27) is GRANTED, and summary judgment is ENTERED in favor of Defendants Qwest and Qwest Disability Services on all of Plaintiff Gibbons's claims.

IT IS FURTHER ORDERED that the clerk of the court close this case.

Dated December 4, 2012.

                BY THE COURT:

                _____
                David Nuffer
                United States District Judge